<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| CHAMBERS OF | MARTIN LUTHER KING COURTHOUSE |
|---|---|
| **SUSAN D. WIGENTON** | 50 WALNUT ST. |
| UNITED STATES DISTRICT JUDGE | NEWARK, NJ 07101 |
| | 973-645-5903 |

December 2, 2021

David B. Harrison, Esq.
Michael J. Sullivan, Esq.
Rachel Sollecito, Esq.
Spiro Harrison
830 Morris Turnpike, 2nd Floor
Short Hills, NJ 07078
*Counsel for Defendants*

Ian Marx, Esq.
Scott Mendeloff, Esq.
Gabriel Aizenberg, Esq.
David Repking, Esq.
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
*Counsel for Plaintiffs*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

  Re: **Pegaso Development Corp. v. iOra Acquisition Enterprises, LLC, et al.**
     **Civil Action No. 21-3171 (SDW) (LDW)**

Counsel:

  Before this Court is Defendants' Motion for Reconsideration of this Court's October 18, 2021 Opinion and Order ("October 18th Decision") which denied Defendants' motion to dismiss Plaintiffs' Complaint. (D.E. 20, 21.) This Court having considered the parties' submissions, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, **DENIES** the Motion for Reconsideration.

<u>**DISCUSSION**</u>

  A. <u>Standard of Review</u>

  Although the Federal Rules of Civil Procedure "do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such review." *Sch. Specialty, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015). A party moving

for reconsideration must file its motion within fourteen (14) days "after the entry of the order or judgment on the original motion" and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i). A motion for reconsideration is "an extremely limited procedural vehicle," *Ferrentino*, 2015 WL 4602995 at *2 (internal citations omitted), which is to be granted "sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000). Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

### B. The October 18th Decision Is Not Clearly Erroneous or Contrary to Law

The October 18th Decision identified and applied the proper legal standards for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and 9(b) and held that Plaintiffs had sufficiently pled that the parties had entered into a valid contract and their alternative fraud claim. (*See generally* D.E. 21.) Defendants do not identify any intervening change in the relevant law or new evidence that was unavailable at the time this Court entered its decision, consequently, Defendants' motion rests solely on the contention that this Court's decision contains an error of fact or law that, if left uncorrected, would result in manifest injustice. (*See* D.E. 23-1 at 1-2 (arguing that this Court made numerous errors "of both fact and law").) Specifically, Defendants argue that this Court erred in finding that Plaintiffs: 1) adequately pled the existence of a valid contract; 2) met the heightened pleading requirements of Rule 9(b); and 3) pled sufficient facts to permit their alter ego claim to proceed.[1] (*See generally* D.E. 23-1.) Defendants' arguments are without merit as they merely encourage this Court to "analyze the same facts and cases it already considered" to come to a different conclusion. *Tehan v. Disability Mgmt. Servs.*, 11 F. Supp. 2d 542, 549 (D.N.J. 2000). Asking this Court to "rethink" its holding is not an appropriate basis upon which to seek reconsideration. *See Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Accordingly, Defendants' motion will be denied.

---

[1] To the extent Defendants now argue that Rule 9(b)'s heightened pleading requirements apply to Plaintiff's claim for relief under an alter ego theory, Defendants waived that argument by failing to raise it in their moving brief at the motion to dismiss stage. Even if this Court were to consider the argument, for all the reasons set forth in the October 18th Decision, it is without merit.

**CONCLUSION**

      For the reasons set forth above, Defendants' Motion for Reconsideration of this Court's October 18, 2020 Opinion and Order is **DENIED**.  An appropriate order follows.

                                                /s/ Susan D. Wigenton
                                      **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        Leda D. Wettre, U.S.M.J.